UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUDUBON OF KANSAS, INC.,

        Plaintiff,

v.                                                   Case No. 21-2025-HLT

UNITED STATES DEPARTMENT OF
INTERIOR, et al.,

        Defendants.

## **ORDER**

On January 15, 2021, plaintiff, Audubon of Kansas, Inc., filed this action against numerous federal and state defendants.[1] The federal defendants are the United States Department of the Interior; Deb Haaland, Secretary of the United States Department of the Interior; the United States Fish and Wildlife Service; and Martha Williams, Acting Director of the United States Fish and Wildlife Service. The state defendants are Michael Beam, Secretary of the Kansas Department of Agriculture; and Earl Lewis, Chief Engineer of the Kansas Department of Agriculture, Division of Water Resources.[2] Plaintiff alleges defendants violated their statutory duties to protect a water right held by the U.S Fish and

---

[1] ECF No. 1.

[2] The intervenor defendant is Big Bend Groundwater Management District No. 5.

Wildlife Service as it pertains to the Quivira National Wildlife Refuge.³  Plaintiff seeks declaratory and injunctive relief from defendants.

On April 12, 2021, both sets of defendants filed motions to dismiss (ECF Nos. 25 and 27).  Those motions remain pending before the presiding U.S. District Judge, Holly L. Teeter.  The federal defendants filed a motion to stay the case pending resolution of their motion to dismiss on May 19, 2021 (ECF No. 44).  The Kansas defendants filed a similar motion to stay on May 25, 2021 (ECF No. 47).

Plaintiff didn't timely file a response to the federal defendants' motion to stay.  Rather, it filed a single response to both motions to stay on June 8, 2021.  Technically, the court could grant the federal defendants' motion as unopposed because of plaintiff's failure to file a response by June 2, 2021, as governed by D. Kan. Rule 6.1(d)(1).  The federal defendants ask the court to do so.  Although the court doesn't condone plaintiff's decision to create its own briefing deadlines and file one joint response without seeking leave (and wouldn't advise this path in the future), it also won't grant the motion as unopposed on purely technical grounds.  Rather, the court moves to the merits.  As discussed below, the court grants the motions to stay.

---

³ ECF No. 1.

2

Analysis

The decision whether to stay discovery rests in the sound discretion of the court.[4] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[5] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[6] The court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendants' immunity from suit.[7] The party seeking the stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[8]

---

[4] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[5] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[6] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

[7] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

[8] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019).

The federal defendants argue a stay is appropriate because their motion to dismiss raises jurisdictional sovereign immunity issues.[9] They point to their motion to dismiss, which argues plaintiff has misinterpreted the relevant statutory mandates and the federal agencies have discretion to act regarding the refuge. The federal defendants argue resolution of the jurisdictional issue – i.e., a ruling on their argument there's been no waiver of sovereign immunity – is likely to finally conclude the case.[10] As an issue of law, they contend, discovery is unnecessary at this point.

The state defendants rely on similar arguments in their motion to stay. They have raised Eleventh Amendment immunity as a defense in their motion to dismiss and point to cases in this district where similar motions to stay have been granted on the basis of the immunity argument.[11] The state defendants also argue two of the other stay factors apply: an order on their dispositive motion is likely to dismiss all claims against them and discovery won't be useful at this stage because the dispositive motion is based on questions of law, not fact.[12]

Plaintiff opposes the motions to stay. First, it argues the exception relating to immunity only applies when there's questions of absolute or qualified immunity, not

---

[9] ECF No. 45 at 5.

[10] *Id.*

[11] ECF No. 48 at 4.

[12] *Id.*

Eleventh Amendment sovereign immunity.[13] Second, plaintiff argues defendants haven't shown they're likely to prevail on a dispositive motion. Third, plaintiff believes discovery is necessary to develop facts regarding the defendants' contract negotiations and actions, including which defendants played what role in negotiating the parties' memorandum of agreement.[14] Finally, plaintiff makes a policy argument to contend the ongoing irrigation issue in the refuge will have persistent consequences to the ecosystem through the duration of the litigation.

The essential issue here is whether questions of sovereign immunity should be resolved as an initial matter, before discovery proceeds. Plaintiff argues Eleventh Amendment immunity, without concurrent assertions of qualified immunity, doesn't justify a stay. In *Holroyd v. Dept. of Veterans Affairs*, which plaintiff cites, the court distinguished sovereign immunity from absolute and qualified immunity issues and didn't grant the motion to stay on that basis.[15] But the court didn't hold sovereign immunity *couldn't* be a basis for a stay and instead moved to the other stay factors before ultimately denying the request.

Case law in the District of Kansas is clear that a district court may stay discovery upon the filing of a dispositive motion based on immunity. "Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in

---

[13] *See* ECF No. 51 at 7-12.

[14] *Id.* at 14.

[15] 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

5

discovery and other pretrial proceedings."[16] The threshold question of immunity should generally be resolved before discovery is allowed, in part to spare a defendant "unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."[17] Indeed, courts in this district have consistently and recently applied that standard to situations where sovereign immunity has been asserted.[18] The Tenth Circuit has held there is "'no logical reason' to differentiate between sovereign immunity and qualified immunity when the defense is 'primarily one of law.'"[19]

Ultimately, the court agrees with defendants that the jurisdictional issues here should be resolved before discovery proceeds. The court isn't persuaded by the time-sensitivity issue plaintiff raises as a reason not to grant a relatively short stay. The motions to dismiss are fully briefed, so additional discovery isn't needed for that purpose.[20] Further, plaintiff represented at the parties' Rule 26(f) conference it intends to move to

---

[16] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3–4 (D. Kan. Feb. 21, 2019).

[17] *Id.*

[18] *See, e.g.*, *Cicco v. NASA*, 2018 WL 5281911, at *2 (D. Kan. Oct. 24, 2018) (granting a stay where the defendant argued the court didn't have subject-matter jurisdiction because there had been no waiver of sovereign immunity); *Garrett's Worldwide Enterprises, LLC v. United States*, 2014 WL 7071713, at *2 (D. Kan. Dec. 12, 2014) (finding a stay was appropriate pending a ruling on a sovereign immunity issue).

[19] *Hwang v. Kansas State Univ.*, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012) (citing *Liverman v. Committee on the Judiciary, U.S. House of Representatives*, 2002 WL 31379892 (10th Cir. 2002) (unpublished)).

[20] Plaintiff's motion for hearing on the motions to dismiss is pending before Judge Teeter. ECF No. 53.

amend the complaint.[21] Defendants argue this is another reason to stay discovery, as "allowing discovery to proceed with so much uncertainty as to the claims that [plaintiff[ intends to ultimately bring forth would be wasteful and burdensome."[22] For these reasons, the court will grant the stay.

IT IS HEREBY ORDERED:

1) Defendants' motions to stay (ECF Nos. 44 & 47) are granted.

2) All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3) Within 14 days of the ruling on the pending motions to dismiss (ECF No. 25 and 27), if the case remains at issue, counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Dated June 18, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[21] ECF No. 45 at 5.

[22] ECF No. 48 at 7.